UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LADELL A. EVANS,

        Plaintiff,

        v.                                            Case No. 21-cv-1470-bhl

ETHAN MARCZEWSKI,
CO FISKE, and
RYAN BLOUNT,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Ladell Evans, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Evans' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Evans has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Evans has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $45.92. Evans' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Evans alleges that on August 29, 2021, he informed Defendants Ethan Marczewski and CO Fiske that he "was feeling like causing self-harm." According to Evans, Marczewski and Fiske ignored him and left his cell door. Evans alleges that for about four hours, Fiske ignored multiple acts of self-harm, including cutting the back his hand, banging his head on the window, door, and wall, and biting his arms. Evans explains that he began to feel suicidal and tied a sheet around his neck, but another officer stopped him. Evans asserts that the warden and security director are responsible for training officers. Dkt. No. 1 at 2, 4.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. Cty. of Madison*, 746 F.3d 766, 775-76 (7th Cir. 2014). To state a claim, a plaintiff must set forth factual allegations from which the Court can reasonably infer that the defendants (1) were aware of an objectively serious risk of harm to the plaintiff; and (2) knowingly or recklessly disregarded that risk. *Szopinski v. Koontz*, 832 F. App'x 449, 451 (7th Cir. 2020) (citing *Farmer*, 511 U.S. at 846). Further, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 Fed. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted).

Evans' allegations are too vague to state a claim. The Court cannot reasonably infer from his generic allegation that he informed Marczewski and Fiske that "he was feeling like causing

3

Case 2:21-cv-01470-BHL   Filed 02/17/22   Page 3 of 6   Document 9

self-harm" that Defendants were aware of an objectively serious risk of harm to Evans or that they knew that the risk of future harm was sure or very likely to give rise to sufficiently imminent dangers. Similarly, it is unclear what Evans means when he alleges that Fiske ignored multiple acts of self-harm. Evans does not clarify if Fiske observed him harming himself, if he spoke to Fiske about his self-harm, or if Fiske was merely working at the time Evans engaged in self-harm. Without additional information about Evans' interactions with both Marczewski and Fiske, the Court cannot reasonably infer that they were personally deliberately indifferent to the risk Evans posed to himself.

The Court will give Evans an opportunity to file an amended complaint that provides additional information to cure the deficiencies identified in this decision. If Evans wants to proceed with this lawsuit, he must file an amended complaint by **March 16, 2022**. Evans should draft his amended complaint as if he is telling a story to someone who knows nothing about what happened. This means that he should explain in short and plain statements: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved and how he interacted with those involved; and (4) how the Court can assist him in relation to those events. Evans should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Finally, Evans is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Evans' failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Evans' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 16, 2022**, Evans shall file an amended complaint curing the deficiencies in the original complaint as described in this decision. If Evans does not file an amended complaint by the deadline or does not explain in writing why he is unable to do so, the Court will dismiss this case based on Evans' failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Evans a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Evans shall collect from his institution trust account the $304.08 balance of the filing fee by collecting monthly payments from Evans' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Evans is transferred to another institution, the transferring institution shall forward a copy of this Order along with Evans' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Evans is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

5

Case 2:21-cv-01470-BHL   Filed 02/17/22   Page 5 of 6   Document 9

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Evans is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, up to and including dismissal of this action.

Dated at Milwaukee, Wisconsin on February 17, 2022.

s/ <i>Brett H. Ludwig</i><br>
BRETT H. LUDWIG<br>
United States District Judge