UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LADELL A. EVANS,

        Plaintiff,

        v.                                                  Case No. 21-cv-1470-bhl

ETHAN MARCZEWSKI,
CO FISKE,
RYAN BLOUNT, and
LARRY FUCHS,

        Defendants.

## SCREENING ORDER

    Plaintiff Ladell Evans, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 17, 2022, the Court screened Evans' complaint and gave him the opportunity to file an amended complaint, which he did on March 11, 2022. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Evans alleges that on August 29, 2021, he was housed in the Restricted Housing Unit when he began to feel an urge to harm himself. Evans explains that he told Defendants Sgt. Ethan Marczewski and CO Fiske about his plans, but they ignored him and walked away. Evans asserts that he began to bite his arms, one of which began to bleed. Fiske allegedly returned, and Evans asserts that he showed Fiske his bleeding arm, but Fiske walked away. According to Evans, he then began to beat his head against his door window, but Fiske again ignored him. Evans states that he continued to harm himself by cutting the back of his hand, which both Fiske and Marczewski allegedly witnessed and ignored. Evans states that after harming himself for more than four hours, he became suicidal and it was only because of the intervention of another officer that he did not hang himself. Dkt. No. 10 at 3-4.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. Cty. of Madison*, 746 F.3d 766, 775-76 (7th Cir. 2014). To state a claim, a plaintiff must set forth factual allegations from which the Court can reasonably infer that the defendants (1) were aware

2

of an objectively serious risk of harm to the plaintiff; and (2) knowingly or recklessly disregarded that risk. *Szopinski v. Koontz*, 832 F. App'x 449, 451 (7th Cir. 2020) (citing *Farmer*, 511 U.S. at 846).

The Court will allow Evans to proceed on deliberate indifference claims against Fiske and Marczewski based on his allegations that they knew he posed a serious risk of harm to himself and that they knowingly disregarded that risk. Evans does not, however, state a claim against Security Director Ryan Blount or Warden Larry Fuchs. The doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. There is no suggestion that Blount or Fuchs were personally involved in the alleged incident, and the mere fact that they are supervisors is insufficient for Evans to state a claim against them under §1983.

**IT IS THEREFORE ORDERED** that Ryan Blount and Larry Fuchs are **DISMISSED** because the amended complaint fails to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Evans' amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Ethan Marczewski and CO Fiske.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Ethan Marczewski and CO Fiske shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on March 28, 2022.

s/ <i>Brett H. Ludwig</i><br>
BRETT H. LUDWIG<br>
United States District Judge